UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT J. HART, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:22-cv-00022-GZS |
| | ) | |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2241 PETITION**

In this action, Petitioner asks the Court for habeas relief pursuant to 28 U.S.C. § 2241 as to a state court criminal proceeding. (Petition, ECF No. 1.) At the time he filed the petition, Petitioner was a pretrial detainee at the Penobscot County Jail. Petitioner alleges a violation of his right to a speedy trial, excessive bail, and due process violations related to certain pretrial proceedings, including a motion to revoke bail.

As part of the Court's preliminary review of the matter, the Court directed the State of Maine, through the Office of the Maine Attorney General, to advise the Court of the status of Petitioner's state court criminal matter and to provide the Court with a copy of the current docket in the matter. (Order, ECF No. 4.) The State's report and the docket reveal that on January 28, 2022, the state court proceeding concluded with a sentence that resulted in Petitioner's release from the jail. (Status Report, ECF No. 5.) Petitioner's claims, therefore, are moot and dismissal is appropriate. *See Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (noting that "[t]he appropriate vehicle for a state pre-trial detainee to

challenge his detention is § 2241" but concluding that "[o]nce [the petitioner] was convicted, the claims concerning his pre-trial confinement became moot"). Accordingly, I recommend the Court dismiss the petition.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of March, 2022.